**JIN GAO, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4809–ag.**

United States Court of Appeals,
Second Circuit.

May 3, 2007.

Aleksander Milch, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; David V. Bernal, Assistant Director, Jeffery R. Leist, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Gao, a citizen of the People's Republic of China, seeks review of a September 27, 2006 order of the Board of Immigration Appeals ("BIA"), on remand from this Court, dismissing Gao's appeal from a November 7, 2003 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture. *In re Jin Gao*, No. A77 957 468 (B.I.A. Sept. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

The sole issue on remand to the BIA was, in light of *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir.2004), and *Latifi v. Gonzales*, 430 F.3d 103 (2d Cir. 2005), whether the IJ erred in relying on the airport interview to support an adverse credibility determination. Applying the factors from *Ramsameachire*, we find that the BIA did not err in finding the inconsistencies between Gao's airport interview and his application and testimony to be substantial. *Ramsameachire*, 357 F.3d at 180. The BIA analyzed the record as a whole, considering the questions asked by the interviewer, Gao's ability to understand the questions, the record of the interview, and the interviewer's follow-up questions. Gao was asked several times the reason he came to the United States, and not once did he mention his parents' religion or a fear of returning other than because of his illegal departure from China. Rather, the sole reason he gave the airport interviewer for coming to the United States was for economic benefit. Thus, because Gao "provide[d] two *entirely different* accounts of persecution[,] the first in the context of an airport interview, and the second during the course of a hearing before the IJ," the BIA was reasonable in considering "the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses." *Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir.2005).

In addition, the BIA's finding that Gao did not meet his burden of proof in establishing that it is more likely than not

that he will be tortured if returned to China is supported by substantial evidence. Gao points to the State Department Human Rights Report to argue that Chinese citizens are detained based on their religious beliefs, and "[i]n some cases, officials have used prison or reeducation-through-labor sentences to enforce regulations." However, Gao fails to show that the Chinese government either knew or cared about his Catholic faith, and that he would be subject to mistreatment amounting to torture on that basis. Therefore, the BIA's finding that Gao is ineligible for CAT relief is supported by substantial evidence. *Zhou Yun Zhang*, 386 F.3d at 73.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.